O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND CLARK, ) | Case No. CV 08-07398-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## I. Factual and Procedural Background

Plaintiff Raymond Clark ("Plaintiff") seeks judicial review of the Commissioner's final decision denying his application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. Plaintiff was born on July 27, 1957. (Administrative Record ("AR") at 26, 36). He has a high school education and is able to communicate in English. (AR at 14, 23, 50). Plaintiff has relevant work experience as a facilities coordinator and a material handler. (AR at 26).

In January 1999, Plaintiff filed applications for DIB and supplemental security income benefits. (AR at 14). An administrative law

judge denied the applications after a hearing, in a decision issued on July 20, 2001. (AR at 14). That decision became final when the Appeals Council denied review. (AR at 14).

Plaintiff filed a second application for DIB on February 15, 2002. (AR at 14). Administrative Law Judge Peggy Zirlin ("ALJ Zirlin") issued a decision on July 19, 2003. (AR at 14). ALJ Zirlin found that Plaintiff suffered from reflex sympathetic dystrophy in the upper right extremity, that Plaintiff had the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently with the left non-dominant upper extremity, stand/walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday, but Plaintiff should avoid exposure to vibrations and was unable to crawl, reach, grasp or finger with the right upper extremity. (AR at 14). Based on this residual functional capacity and the testimony from a vocational expert, ALJ Zirlin concluded that Plaintiff could perform work as an information clerk and surveillance systems monitor. (AR at 15). The Appeals Council denied review on April 23, 2004. (AR at 15).

Plaintiff filed his current application for DIB on May 25, 2004. (AR at 87-92). Plaintiff alleged he had been disabled due to reflex sympathetic dystrophy in the right dominant arm, stomach cramping, and diarrhea since July 20, 2003. (AR at 14-15, 93-99, 123-32). Plaintiff's insured status for DIB expired on September 30, 2003. (AR at 15). Therefore, the period at issue in this case is July 20, 2003, Plaintiff's alleged onset date, through September 30, 2003, Plaintiff's date last insured.[1] (AR at 15).

---

[1] In order to qualify for disability insurance benefits, a claimant is required to establish that he was disabled on or before the date of termination of his insured status. 20 C.F.R. §404.131(b)(1); *Vincent ex*

The Social Security Administration denied Plaintiff's current application at the initial and reconsideration stages. (AR at 58-62). An administrative hearing was held before ALJ Zirlin on October 4, 2006. (AR at 33-57). Plaintiff, who was represented by counsel, testified in his own behalf. *Id.* On October 25, 2006, ALJ Zirlin issued a decision denying Plaintiff's application for DIB. (AR at 14-27). ALJ Zirlin found that through September 30, 2003, Plaintiff: (1) had not engaged in substantial gainful activity; (2) suffered from reflex sympathetic dystrophy in the dominant right upper extremity; (3) did not have any impairments that met or equaled a listed impairment; (4) had the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently with the left non-dominant upper extremity, stand/walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday, but Plaintiff needed to avoid exposure to even moderate vibrations and was unable to crawl, reach, grasp or finger with the right upper extremity; and (5) was unable to perform his past relevant work. (AR at 18, 26-27). Based on his residual functional capacity and the testimony from the vocational expert at Plaintiff's second hearing,[2] ALJ Zirlin concluded that Plaintiff was not disabled because he was able to perform other work that exists in significant numbers in the economy, including work as an information clerk and surveillance systems monitor. (AR at 15, 25-26). ALJ Zirlin found no basis for reopening the prior decisions. (AR at 15). On August 27, 2008, the Appeals Council denied review and ALJ Zirlin's decision became the

---

rel. *Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984); *Flaten v. Secretary of Health & Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

[2] The hearing transcript from Plaintiff's second hearing is not included in the record.

1  final decision of the Commissioner. (AR at 5-7).

2      Plaintiff commenced this action for judicial review on November 7,
3  2008. On July 13, 2009, the parties filed a joint statement of disputed
4  issues. The disputed issues are whether ALJ Zirlin: (1) improperly
5  applied administrative res judicata and relied on evidence not included
6  in the record; and (2) failed to adequately consider the medical
7  evidence and testimony of Plaintiff. (Joint Stipulation at 4-8, 12-16,
8  21-23). Plaintiff seeks remand for a payment of benefits or, in the
9  alternative, remand for a new administrative hearing and further
10 development of the record. (Joint Stipulation at 23). The Commissioner
11 requests that ALJ Zirlin's decision be affirmed. (Joint Stipulation at
12 23). The Joint Stipulation has been taken under submission without oral
13 argument.

## II. **Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the

Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III.   Discussion**

    **A.   ALJ's Reliance on Prior Administrative Decision**

The principles of res judicata apply to administrative decisions. A previous final determination of nondisability creates a presumption of continuing nondisability with respect to any subsequent unadjudicated period of alleged disability. *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996); *see also Miller v. Heckler*, 770 F.2d 845, 848 (9th Cir. 1985); *Lyle v. Secretary of Health and Human Services*, 700 F.2d 566, 568-69 (9th Cir. 1983); Social Security Acquiescence Ruling 97-4(9). This presumption may be overcome by a showing of "changed circumstances." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988); *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). To show "changed circumstances," the evidence must establish that the claimant suffers from an impairment that indicates a greater disability since the prior decision denying benefits. *Chavez*, 844 F.2d at 693. In other words, the presumption of nondisability does not apply if the claimant raises an issue not considered in the previous decision, such as the existence of a new impairment, or demonstrates an increase in the severity of an impairment, either one of which adversely affects his residual functional capacity. *See Lester*, 81 F.3d at 827; *see also* Acquiescence Ruling 97-4(9) ("where the final decision by the ALJ on the prior claim, which found the claimant not disabled, contained findings of the claimant's residual functional capacity, education, and work experience, SSA may not make different findings in adjudicating the subsequent

disability claim unless there is new and material evidence relating to the claimant's residual functional capacity, education or work experience").

Here, Plaintiff is alleging the same medical basis for disability (reflex sympathetic dystrophy ("RSD")) that was previously alleged in his prior two claims for benefits. Under such circumstances, the presumption of continuing non-disability would ordinarily apply. *See Lester*, 81 F.3d at 827. Nevertheless, Plaintiff asserts that administrative res judicata is not applicable, as the Administration implemented a Ruling during the pendency of his application that affects the evaluation of RSD claims. The ruling is entitled: Social Security Ruling 03-2p, Titles II and XVI: Evaluating Cases Involving Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain Syndrome, 2003 WL 22399117 ("SSR 03-2p"). (Joint Stipulation at 4-5). In support of this argument, Plaintiff cites Hallex I-2-4-40 ¶ K,[3] which provides as follows:

> The ALJ may not use *res judicata* as the basis for dismissing [a request for hearing] based on a current application when there has been a change in a statute, regulation, ruling or legal precedent which was applied in reaching the final determination or decision on the prior application. A new adjudicative standard exists and the issues cannot be considered the same as the issues in the prior case. The ALJ must issue a decision.

---

[3] HALLEX is the Commissioner of Social Security's Hearings, Appeals, and Litigation Manual. *Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008)

6

(*See* Joint Stipulation at 5). Plaintiff contends that because the "issuance of Social Security Ruling 03-2p constitutes a change in agency policy and interpretation," ALJ Zirlin could not apply administrative res judicata. (Joint Stipulation at 5 (citing Hallex I-2-4-40 ¶ K and I-2-9-40 ¶ E.1 (defining "change of legal interpretation or administrative ruling" in the context of reopening final a decision))). Plaintiff's argument is not persuasive.

    First and most importantly, Hallex is an internal agency manual and has no binding legal effect on the SSA or this court. *Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008); *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000) (explaining that HALLEX is an "internal guidance tool[,]" which does not create substantive rights); *see also Christensen v. Harris County*, 529 U.S. 576, 587 (2000) (holding that agency interpretations contained in "policy statements, agency manuals, and enforcement guidelines[ ] all ... lack the force of law"). As Hallex does not have the force and effect of law, it is not binding on the Commissioner. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003) (explaining that HALLEX "has no legal force and is not binding" and "does not prescribe substantive rules and therefore does not carry the force and effect of law"); *see also Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003) (stating that HALLEX does not "impose[ ] judicially enforceable duties"). Thus, the Court rejects Plaintiff's argument that Hallex I-2-4-40 ¶ K precluded the application of res judicata in this case. *Bunnell*, 336 F.3d at 1115; *Lowry*, 329 F.3d at 1023. Furthermore, res judicata was not applied in this case to deny a request for hearing entirely. *Cf.* Hallex I-2-4-40 ¶ K. Rather, res judicata was applied to the period of time which had been the focus of the prior decisions. Plaintiff received a hearing and an administrative decision was issued

with respect to the time period during which he remained insured. Thus, Hallex I-2-4-40 ¶ K was not violated.

Plaintiff's argument also fails because SSR 03-2p does not represent a change in policy. The ruling itself clearly states that RSD claims "are adjudicated using the sequential evaluation process, just as for any other impairment." SSR 03-2p at *6.  In accordance with SSR 03-2p, ALJ Zirlin evaluated Plaintiff's claim for benefits at all five steps of the sequential process. *See* SSR 03-2p at *6-7 (explaining that if RSD is determined to be a severe impairment and the claimant's impairments do not meet or equal a listed impairment, "an assessment of [the claimant's residual functional capacity] must be made, and adjudication must proceed to the fourth and, if necessary, the fifth step of the sequential evaluation process"). At steps one through four, ALJ Zirlin considered Plaintiff's claim and the new evidence submitted, de novo. (*See* Joint Stipulation at 6; AR at 18-26). At step five, ALJ Zirlin relied on the vocational expert testimony from the previous two hearings to find that Plaintiff was capable of performing other work to find Plaintiff not disabled at step five. (AR at 15, 18, 24-25, 27). Although the record did not contain the transcripts of the vocational experts' testimony from the previous two hearings, Plaintiff has not shown prejudice from the asserted omission. Significantly, ALJ Zirlin found that Plaintiff's RSD impairment did not increase in severity since the last two administrative decisions. (AR at 14-15, 18). Therefore, ALJ Zirlin assessed Plaintiff with the exact same residual functional capacity as in the previous two decisions. (AR at 15, 24). ALJ Zirlin also carefully and thoroughly summarized the vocational experts' testimonies from the previous hearings. (AR at 15, 27). In view of the analysis undertaken by ALJ Zirlin, any error in failing to include the

transcripts in the current record was harmless. (AR at 14-15); *see Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

In sum, Plaintiff has not shown that the decision of ALJ Zirlin was tainted by legal error.

### B.   Plaintiff's Medical Records and Subjective Pain Testimony

Plaintiff contends that ALJ Zirlin's evaluation of the medical evidence and rejection of Plaintiff's subjective symptom testimony was not supported by substantial evidence. (Joint Stipulation at 13-16, 21-23).

#### 1.   Treating Physician Opinion

Plaintiff claims that ALJ Zirlin erred by improperly rejecting the opinion of his treating doctor, Eric Arosemena, M.D. (Joint Stipulation at 15). Dr. Arosemena has been Plaintiff's treating physician for many years. (AR at 142-82, 186-256). In June 2004, about eight months after Plaintiff's insured status expired, Dr. Arosemena wrote a letter indicating that Plaintiff's RSD prevented him from using his right arm. (AR at 138). Dr. Arosemena also opined that Plaintiff's chronic pain would increase if he used his left arm for strenuous or even moderate activities. (AR at 138). In a Physical Capacities Evaluation form, Dr. Arosemena reported that Plaintiff could sit for two hours, stand for one hour, walk for one hour, bend and squat occasionally, use his left hand/arm to lift and carry 10 pounds frequently and 20 pounds occasionally, and reach above shoulder level with his left arm occasionally. (AR at 139-40).

The opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician is employed to cure and has a greater opportunity to know and observe the

patient as an individual. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Where the treating physician's medical opinion is uncontroverted, the ALJ must make specific findings stating "clear and convincing" reasons for rejecting it. *Lester*, 81 F.3d at 830; *Regennitter v. Commissioner of Social Security Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999). Similarly, the ALJ cannot reject a treating physician's ultimate conclusions on disability without clear and convincing reasons. *Lester*, 81 F.3d at 830. This is because "[t]he treating physician's continuing relationship with the claimant makes him especially qualified to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to the [claimant's] functional capacities and limitations ...." *Id.* at 833.

    ALJ Zirlin found that Dr. Arosemena's records did not establish a material change in Plaintiff's condition between the prior denial of benefits and the expiration of his insured status. (AR at 20). ALJ Zirlin's conclusion is consistent with and supported by the record. With respect to the two-month period at issue in this case (July 20, 2003 through September 30, 2003), Dr. Arosemena did not report any objective findings concerning Plaintiff's RSD. (AR at 20, 152-55); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (finding that the Commissioner appropriately discounted physician's opinion because it was not adequately supported by clinical records or treatment records). Instead, Dr. Arosemena's reports appear to be based largely on Plaintiff subjective complaints sometime after Plaintiff's insured status expired. (AR at 20, 152-55). As discussed more fully below, ALJ Zirlin properly discredited Plaintiff's subjective symptom testimony. *Morgan v.*

*Commissioner of Social Security*, 169 F.3d 595, 602 (9th Cir. 1999) ("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted'") (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)).

ALJ Zirlin also provided clear and convincing reasons for rejecting Dr. Arosemena's assessment of Plaintiff's residual functional capacity. (AR at 20, 23). ALJ Zirlin pointed out that Dr. Arosemena's opinion was inconsistent with Plaintiff's established abilities. (AR at 23). For example, in June 2004, Dr Arosemena noted that Plaintiff had asked him to complete paperwork for his disability claim. (AR at 143). In response to Plaintiff's request, Dr. Arosemena filled out a physical capacities assessment and wrote a letter indicating that Plaintiff's use of his left arm for even moderate activities would aggravate his chronic RSD pain on his right side. (AR at 138). However, in other records, Dr. Arosemena specifically noted that Plaintiff used his left hand for almost everything. (AR at 22, 154, 203). This apparent inconsistency was a proper basis for discounting Dr. Arosemena's opinion. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (the ALJ could disregard an examining physician's opinion because "it was obtained solely for the purposes of the administrative hearing, varied from [the physician's] own treatment notes, and was worded ambiguously in an apparent attempt to assist [the claimant] in obtaining social security benefits").

Plaintiff himself even admitted that he was able to shop, drive, maintain his home, care for his dog, cook, do laundry, load the dishwasher, vacuum, and take care of his personal needs without use of his right arm. (AR at 22, 113, 116-18). When a claimant's testimony about daily activities is inconsistent with a condition that would

preclude all work activity, the ALJ may reject a physician's opinion to the contrary. *See, e.g., Morgan*, 169 F.3d at 602-03; *Curry*, 925 F.2d at 1130. Finally, Dr. Arosemena's assessment of Plaintiff's functional limitations was not relevant to the period at issue in this case, as it was prepared in June 2004, long after Plaintiff's insured status expired. (AR at 23). *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1461 & n.4 (9th Cir. 1995) (observing that a "long line of cases" has established that a claimant must establish disability as of the date last insured, and that "'any deterioration in her condition subsequent to that time is, of course, irrelevant'" (quoting *Waters v. Gardner*, 452 F.2d 855 (9th Cir. 1971))). Thus, it was appropriate for ALJ Zirlin to disregard Dr. Arosemena's functional capacity assessment.

Plaintiff also contends that ALJ Zirlin failed to properly consider a medical record from Dr. Arosemena dated June 5, 2003. (Joint Stipulation at 15, 21-22, 202-03). However, that record pertained to the previously adjudicated period. Therefore, ALJ Zirlin was not required to discuss it in the decision. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (explaining that ALJ need only explain why significant, probative evidence was rejected).

**2.   Plaintiff's Subjective Pain Testimony**

Plaintiff next contends that the ALJ Zirlin failed to properly consider Plaintiff's testimony regarding his impairments. (Joint Stipulation at 16).

The determination of credibility and the resolution of conflicts in the testimony are functions of the ALJ acting on behalf of the Commissioner. *Morgan*, 169 F.3d at 599; *Saelee*, 94 F.3d at 522). In general, an ALJ's assessment of credibility should be given great weight. *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985). The ALJ may

employ ordinary techniques of credibility evaluation and may take into account prior inconsistent statements or a lack of candor by the witness. *Fair*, 885 F.2d at 604 n.5. However, once a claimant has presented medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony regarding subjective pain and other symptoms merely because the symptoms, as opposed to the impairments, are unsupported by objective medical evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). "'[T]he ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281.

In this case, Plaintiff reported that his condition deteriorated since his last hearing. (AR at 50). He also testified that he suffers from depression and that his medications cause him to be constipated. (AR at 50).

ALJ Zirlin found that Plaintiff's medically determinable impairments could have reasonably been expected to produce Plaintiff's symptoms, but that the intensity, persistence and limiting effects of those symptoms were not entirely credible for the period from July 20, 2003, through September 30, 2003. (AR at 25). As ALJ Zirlin made no finding that Plaintiff was malingering, she was required to justify her adverse credibility determination with clear and convincing reasons. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

In evaluating Plaintiff's alleged symptoms and limitations, ALJ Zirlin found that Plaintiff received conservative treatment which consisted of only medication management. (AR at 25); *see Fair*, 885 F.2d

at 604 (an ALJ may rely on a claimant's conservative treatment regimen to reject a claimant's testimony of disabling limitations or disabling pain); *see also Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995) (that the claimant received only conservative treatment for back injury is a clear and convincing reason for disregarding testimony that the claimant is disabled). During the period at issue, Plaintiff took only one Percocet (analgesic) per day for pain. (AR at 25, 154). More aggressive treatment, including surgery, was not prescribed by Plaintiff's doctors. (AR at 25). And, while Dr. Arosemena instructed Plaintiff to exercise, the record does not show that Plaintiff made any effort to comply with this recommendation. (AR at 25); *see Fair,* 885 F.2d at 603 (holding that non-compliance with prescribed treatment is proper evidence relating to the credibility of the patient). Furthermore, in finding Plaintiff not entirely credible, ALJ Zirlin observed inconsistencies in Plaintiff's testimony regarding his discussions with his doctor concerning nerve blocks. (AR at 25, 43, 47); *see Smolen*, 80 F.3d at 1283-84 (an ALJ may consider inconsistent statements made by a claimant in evaluating credibility).

ALJ Zirlin properly employed ordinary techniques of credibility determination to conclude that Plaintiff's subjective complaints were not entirely credible. *See Fair*, 885 F.2d at 604 n.5; *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 96-7p. As such, remand or reversal is not warranted on this issue.

//
//
//
//
//

**IV.   Conclusion**

For the reasons stated above, the final decision of the Commissioner of Social Security is **AFFIRMED**.

DATED: August 20, 2009

_____
Marc L. Goldman
United States Magistrate Judge